IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| ELISEO CHAPA SIERRA, JR. | § | |
|     Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:16-cv-00230 |
| | § | |
| FRANK M. HULSHIZER & DAD, | § | |
| INC. AND GLEN FRANKLIN | § | |
| TRUESDELL | § | |
|     Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES ELISEO CHAPA SIERRA, JR., Plaintiff herein, complaining of FRANK M. HULSHIZER & DAD, INC. and GLEN FRANKLIN TRUESDELL, Defendants herein, and would show the Court as follows:

## PARTIES

1. Plaintiff, ELISEO CHAPA SIERRA, JR., is an individual and citizen of the State of Texas and resides in Laredo, Webb County, Texas.

2. Defendant, FRANK M. HULSHIZER & DAD, INC., (hereinafter referred to as Defendant HULSHIZER), is a corporation that is incorporated under the laws of the State of Iowa. Defendant HULSHIZER has its principal place of business in the State of Iowa. Pursuant to 49 CFR 399, et seq. Defendant HULSHIZER has designated Ida Dishinger of Joy B. Fitzgerald Resident Agent, Inc., at 9740 Meadowbrook Circle, Kaufman, Texas 75142 as agent for service of process in Texas.

3.      Defendant, GLEN FRANKLIN TRUESDELL, (hereinafter referred to as Defendant TRUESDELL), is an individual and citizen of the State of Iowa. This Defendant may be served with process in accordance with §17.062(a), of the Texas Civil Practice and Remedies Code by serving a copy of the summons and complaint by certified mail, return receipt requested, to the Chairman of Texas Transportation Commission, Mr. Tyron D. Lewis, at the Texas Department of Transportation, 125 E. 11th Street, Austin, Texas 78701-2483, who will in turn forward a copy of the summons and complaint by certified mail, return receipt requested, to Defendant TRUESDELL'S residence, 7297 32ND Ave., Lot 25, Atkins, Iowa 52206.

## JURISDICTION

4.      The Court has jurisdiction over this lawsuit under 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendants are citizens of different U.S. states, and the amount in controversy exceeds Seventy Five Thousand Dollars ($75,000.00), excluding interest and costs. Specifically, Plaintiff is a citizen of the State of Texas. Defendant HULSHIZER is a corporation incorporated under the laws of State of Iowa with its principal place of business in the State of Iowa. Defendant TRUESDELL is a citizen of the State of Iowa.

## VENUE

5.      Venue is proper in this district because it is the district in which a substantial part of the events or omissions giving rise to the claims occurred. *See* 28 U.S.C. § 1391(b). This claim arises out of a motor vehicle collision occurring on September 29th, 2014 in Laredo, Webb County, Texas.

## FACTS

6.     Plaintiff ELISEO CHAPA SIERRA, JR., would show the Court that on or about September 29th, 2014, he was driving a 2002 White Ford E-350 box truck eastbound on the 4400 block of Trade Center Blvd. on the right hand lane and approaching the 15500 block of FM1472. Plaintiff stopped at the red light at the intersection and waited for traffic to clear to make a right turn. At or near that time Defendant TRUESDELL, operating a 2004 Red Freightliner tractor and towing a trailer, was also traveling eastbound on the 4400 block of Trade Center Blvd.  However, Defendant TRUESDELL approached the subject intersection traveling in the left or inside lane and reached the intersection at or near the time the light turned green. The subject intersection is a T intersection and traffic approaching on Trade Center Blvd. is directed left from the left lane and right from the right lane.  When the light turned green Plaintiff began to turn right at the intersection. As Defendant TRUESDELL  approached quickly from behind Plaintiff in the left lane, instead of turning left he suddenly and unexpectedly turned right at a high rate of speed. Defendant TRUESDELL turned his vehicle combination into Plaintiff and caused a collision between the right rear of his trailer and the left rear corner of Plaintiff's vehicle.  As a result of the impact, Plaintiff suffered injuries to his neck, upper back, mid back and lower back.

## NEGLIGENCE OF DEFENDANT TRUESDELL

7.     In causing the collision of the vehicles involved, Defendant TRUESDELL was guilty of various acts or omissions which constitute negligence as enumerated below, each of which constitutes a proximate cause of Plaintiff's injuries and damages, to wit:

a. In failing to keep a proper lookout for other traffic as a reasonable and prudent person would have done under the same or similar circumstances;

b. In failing to safely operate the vehicle he was driving while in the course and scope of his employment as a reasonable and prudent person would have done under the same or similar circumstances;

c. In failing to maintain proper control of his vehicle as a reasonable and prudent person would have done under the same or similar circumstances;

d. In failing to timely apply the brakes to the vehicle he was operating in order to avoid the collision in question;

e. In failing to take proper evasive action in order to avoid said collision;

f. In failing to control the speed of his vehicle as a reasonable and prudent person would have done;

g. In failing to drive entirely within a single lane on a roadway divided into two or more clearly marked lanes in violation of Texas Transportation Code §545.060;

h. In failing to make an approach and turn to the right at an intersection without first driving as close as practicable to the right hand curb or edge of the roadway in violation of Texas Transportation Code § 545.101(a);

i. In turning right at an intersection with unsafe; and,

j. In turning right at an intersection from the lefthand lane.

8. Plaintiff would show that each of the foregoing acts and/or omissions was a separate and distinct act of negligence and each was a direct and proximate cause of the injuries and damages suffered by the Plaintiff as described herein below.

## RESPONDEAT SUPERIOR

9. At the time of the collision described above, Defendant TRUESDELL was the agent, servant, and/or employee of Defendant HULSHIZER, and was acting within the

course and scope of his employment as agent, servant and/or employee of Defendant HULSHIZER. Defendant TRUESDELL, was operating the 1998 Peterbilt tractor truck on the public streets and highways of the State of Texas in furtherance of Defendant, HULSHIZER'S business. Defendant TRUESDELL was operating the 2004 red Freightliner tractor truck and trailer combination with the knowledge, and consent of Defendant, HULSHIZER. Therefore, Defendant HULSHIZER, is liable under the doctrine of Respondeat Superior.

## DAMAGES

10. Plaintiff ELISEO CHAPA SIERRA, JR., would show that as a direct and proximate cause of the aforesaid negligence of the above named Defendants, he sustained injuries to his neck, upper back, mid back and lower back, and he has suffered physical pain and mental anguish in the past and in all reasonable probability will continue to so suffer in the future; he has suffered physical impairment in the past and in all reasonable probability will continue to so suffer in the future; he has suffered impairment to earning capacity in the past and in all reasonable probability will continue to suffer a loss of wage earning capacity in the future. Plaintiff ELISEO CHAPA SIERRA, JR., has incurred reasonable and necessary medical expenses for the proper treatment of his injuries in the past and in all reasonable probability will continue to incur medical expenses in the future.

## JURY DEMAND

11. The Plaintiff demands a jury trial on all issues which may be tried to a jury.

**PRAYER**

12. Premises considered, the Plaintiff asks that the Defendants be cited to appear and answer and that, upon final trial, the court enter judgment against the Defendants for Plaintiff's actual damages in the amount of Seven Hundred and Fifty Thousand Dollars ($750,000.00), pre-judgement and post-judgement interest, for costs of court and for such other and further relief, both general and special, at law and in equity, to which the Plaintiff may be justly entitled.

Respectfully submitted,

**KNICKERBOCKER, HEREDIA, JASSO & SALINAS, P.C.**
468 Main Street
Eagle Pass, Texas 78852
Tel:  830/773-9228
Fax:  830/773-2582
borderlawyer@khjslaw.com


By: /s/ Marco A. Salinas
 **Marco A. Salinas**
State Bar No. 00794583

ATTORNEYS FOR PLAINTIFF